```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>             v.<br><br>RICARDO GONZALEZ NAVARRO, *et al.*,<br><br>**Defendants**. | **CIVIL NO.** 10-1989 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

    On October 12, 2010, the government filed a petition to enforce six Internal Revenue Service ("IRS") summonses. (Docket No. 1.) In response to an *ex parte* motion, the Court ordered respondents to "show cause why each should not be compelled to obey [the IRS] summonses . . . ." (Docket No. 7.) The Court further ordered respondents to file a response to the government's petition **supported by appropriate affidavits**, and "that any affidavit failing to comply with [the standard set forth in the order] shall not be considered by the Court." (Docket No. 7.) On November 11, 2010, the individuals subject to those summonses, Ricardo Gonzalez-Navarro ("Gonzalez-Navarro") and Clara Alonso-Quintero ("Alonso-Quintero") (collectively "respondents"), filed a response in

Civil No. 10-1989 (FAB)                                                                 2

opposition to the government's petition, speculating about potential criminal charges and asserting blanket privileges without evidentiary support.  (See Docket No. 14.)  On December 1, 2010, the government filed a reply.  (Docket No. 21.)

"The IRS has 'expansive information-gathering authority' to determine tax liability under the Internal Revenue Code, including by issuance of summonses to taxpayers and third-party record holders."  Sugarloaf Funding, LLC v. U.S. Dept. of the Treasury, 584 F.3d 340, 345 (1st Cir. 2009) (citing United States v. Arthur Young & Co., 465 U.S. 85, 816 (1984); 26 U.S.C. § 7602). "Taxpayers may petition to quash such summonses and the IRS may petition to enforce them."  Id. (citing 26 U.S.C. §§ 7604, 7609). "Enforcement proceedings are designed to be summary in nature." Id. (citing Donaldson v. United States, 400 U.S. 517, 529 (1971)). "'The court's role is to ensure that the IRS is using its broad authority in good faith and in compliance with the law.'"  Id. (citing United States v. Gertner, 65 F.3d 963, 966 (1st Cir. 1995)).

Once a petition is filed, "the court follows a familiar structured analysis in a summons enforcement proceeding." Id. The initial burden falls on the IRS to make a *prima facie* case consisting of the following elements:  "'[1] that the investigation

Civil No. 10-1989 (FAB)                                                3

will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed.'" Id. (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)).  In order to satisfy those elements, "[t]he IRS need only make a 'minimal showing.'"  Id. (citing Gertner, 65 F.3d at 966).  "An affidavit of the investigating agent that the Powell requirements are satisfied is sufficient to make the *prima facie* case."  Id. (citations omitted).

Once the IRS has satisfied the elements of a *prima facie* case, the taxpayer has the burden "to disprove one or more of the Powell requirements, or to show that enforcement would be 'an abuse of process, e.g., that the summons was issued in bad faith for an improper purpose.'"  Id. (quoting Sterling Trading, LLC v. United States, 553 F. Supp. 2d 1152, 1155-56 (C.D. Cal. 2008)).  In order to satisfy this onerous burden, the taxpayer "'must allege specific facts and evidence to support his allegations.'"  Id.

The government's petition was filed in conjunction with an affidavit from the investigating agent in this case, detailing the circumstances which fulfill the Powell requirements for a *prima facie* case.  See Sugarloaf Funding, LLC, 584 F.3d at 345; (Docket

Civil No. 10-1989 (FAB)                                                    4

Nos. 1-1 & 21.)  Given that the government filed such an affidavit, it is clear that the burden falls on respondents to rebut properly one of the Powell requirements, or demonstrate that an abuse of process would result from granting the government's petition.  See id.  The response to the government's petition fails to carry that burden in either respect.  (See Docket No. 14.)  That response ignores the relevant legal standard and the Powell requirements, and provides only arguments which rest primarily on speculation and conjecture unsubstantiated by the record in this case.  See id.

Both the legal standard for responding to government petitions to enforce IRS summonses and the Court's order to show cause required respondents to support any arguments or allegations made against enforcement of the IRS summonses with specific facts and evidence.  See Sugarloaf Funding, LLC, 584 F.3d at 345; (Docket No. 7.)  Although respondents submitted some exhibits in conjunction with their response to the government's petition, those documents are, for reasons detailed extensively in the government's reply, unauthenticated, irrelevant, or inadmissible for the purposes of rebutting the government's *prima facie* case and defeating enforcement of the summonses.  (See Docket Nos. 14 & 21.)  Those documents also fail to comply with the standard set forth in the order to show cause for affidavits supporting their response to

<u>Civil No. 10-1989 (FAB)</u>                                                        5

the government's petition.  <u>See</u> <u>id</u>.; (Docket No. 7.)  Given the respondents' failure to carry their burden under the relevant legal standard and respond properly to the order to show cause, the Court finds no basis to preclude enforcement of the IRS summonses and **GRANTS** the government's petition, (Docket No. 1).

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, October 12, 2011.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE